A00016

# MODIFICATION OF CONTRACT

XXXXXXXXXXXXXXXXXXXXXX

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 2

| 2. XXXXXXXXX/MODIFICATION NO. | 3. EFFECTIVE DATE | 4. REQUISTITION/PURCHASE REQ. NO. | 5. PROJECT NO.(IF APPLICABLE) |
|---|---|---|---|
| A00016 | See 16C | 12/22/98 | P005 |

6. ISSUED BY — CODE

?C MIRAMAR
?: 52M0
?O BOX 452004
SAN DIEGO CA 92145-2004

7. ADMINISTERED BY (IF OTHER THAN ITEM 6) — CODE

Defense Finance & Accounting Service
Operating Location Oakland
Attn: Code FPV
P. O. Box 23870
Oakland, California 94623-3870

8. NAME AND ADDRESS OF CONTRACTOR(No., street, county, State and ZIP Code)

WM. G. TADLOCK, INCORPORATED
1565 Hillsmont Drive
El Cajon CA 92020

CODE — FACILITY CODE

(x)

9A. AMENDMENT OF SOLICITATION NO.

9B. DATED (SEE ITEM 11)

X 10A. MODIFICATION OF CONTRACT/XXXXXXXX.
N68711-94-C-1754

10B. DATED (SEE ITEM 13)
5 February 1998

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended
Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods:
(a) By completing Items 8 and 15, and returning ________copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitations and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

12. ACCOUNTING AND APPROPRIATION DATA (If required)
AA 1798021205 2581 0252 11211 0 068711 2A 000000 AA000R024986 734.36 SCON
RCP Number: NXX02598AL6334

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/XXXXXX, IT MODIFIES THE CONTRACT/XXXXXXXX AS DESCRIBED IN ITEM 14.

A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation, date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

X C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:
FAR 52.243-04 CHANGES (AUG 1987)

D: OTHER (Specify type of modification and authority)

**E: IMPORTANT:** Contractor ☐ is not, ☒ is required to sign this document and return Original copies to the issuing office.

14. DESCRIPTION OF XXXXXXXXX/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

CONTRACT: N68711-94-C-1754, P005 Enlisted Dining Facility, Marine Corps Air Station, Miramar, San Diego, CA

Description of this Modification continues on page 2.

Except as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force and effect.

| 15A. NAME AND TITLE OF SIGNER (Type or print) | | 16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print) | |
|---|---|---|---|
| Wm G. Tadlock, Inc | | K. Valentine<br>Contracting Officer | |
| 15B. CONTRACTOR/OFFEROR | 15C. DATE SIGNED | 16B. UNITED STATES OF AMERICA | 16C. DATE SIGNED |
| [signature]<br>(Signature of person authorized to sign) | 29 Dec 98 | BY [signature]<br>(Signature of Contracting Officer) | 12/29/98 |

NSN 7540-01-152-8070
PREVIOUS EDITION UNUSABLE

30-105

49

STANDARD FORM 30 (REV. 10-83)
Prescribed by GSA
FAR (48 CFR) 53.243

BLOCK 14. DESCRIPTION OF MODIFICATION

The purpose of this modification is to reimburse the contractor one-half the cost of the follow on partnering workshop held on 8 December 1998.

PC #000054: Follow on partnering workshop.

As a result of the Modification agreed to herein, the total contract price is hereby increased by $734.36, from $6,196,524.37, to $6,197,258.73. The contract period of performance remains unchanged.

"CONTRACTOR'S STATEMENT OF RELEASE"

Acceptance of this modification by the contractor constitutes an accord and satisfaction and represents payment in full for both time and money and for any and all costs, impact effect, and for delays and disruptions arising out of, or incidental to, the work as herein revised.

Dist
Orig to file
Disbursing
Contractor

# XXXXXXXXXXXXXXXXXXXXXXX/ MODIFICATION OF CONTRACT

1. CONTRACT ID CODE: J
PAGE OF PAGES: 1 | 2

2. XXXXXXXX/MODIFICATION NO.: 00017
3. EFFECTIVE DATE: See 16C
4. REQUISITION/PURCHASE REQ. NO.: 2/17/99
5. PROJECT NO. (IF APPLICABLE): P005 MCON

6. ISSUED BY / CODE:
ROICC MIRAMAR
ATTN: 52M0
PO BOX 452004
SAN DIEGO CA 92145-2004
valentinekc@efdsw.navfac.navy.mil

7. ADMINISTERED BY (IF OTHER THAN ITEM 6) / CODE:
Defense Finance & Accounting Service
Operating Location Oakland
Attn: Code FPV
P. O. Box 23870
Oakland, California 94623-3870

8. NAME AND ADDRESS OF CONTRACTOR (No., street, county, State and ZIP Code)
WM. G. TADLOCK, INCORPORATED
1565 Hillsmont Drive
El Cajon CA 92020

CODE / FACILITY CODE

(x) 9A. AMENDMENT OF SOLICITATION NO.:
9B. DATED (SEE ITEM 11):

X 10A. MODIFICATION OF CONTRACT/XXXXX NO.: N68711-94-C-1754
10B. DATED (SEE ITEM 13): 5 February 1998

## 11. THIS ITEM ONLY APPLIES TO AMENDMENTS OF SOLICITATIONS

☐ The above numbered solicitation is amended as set forth in Item 14. The hour and date specified for receipt of Offers ☐ is extended, ☐ is not extended. Offers must acknowledge receipt of this amendment prior to the hour and date specified in the solicitation or as amended, by one of the following methods: (a) By completing Items 8 and 15, and returning ________ copies of the amendment; (b) By acknowledging receipt of this amendment on each copy of the offer submitted; or (c) By separate letter or telegram which includes a reference to the solicitations and amendment numbers. FAILURE OF YOUR ACKNOWLEDGMENT TO BE RECEIVED AT THE PLACE DESIGNATED FOR THE RECEIPT OF OFFERS PRIOR TO THE HOUR AND DATE SPECIFIED MAY RESULT IN REJECTION OF YOUR OFFER. If by virtue of this amendment you desire to change an offer already submitted, such change may be made by telegram or letter, provided each telegram or letter makes reference to the solicitation and this amendment, and is received prior to the opening hour and date specified.

17. ACCOUNTING AND APPROPRIATION DATA (If required)
17980212O5 2581 0252 11211 0 068711 2A 000000 AA000R024986 15,000.00 UNFO
Number: NXX02598AL6334

## 13. THIS ITEM APPLIES ONLY TO MODIFICATIONS OF CONTRACTS/XXXXXX, IT MODIFIES THE CONTRACT/XXXXXXX AS DESCRIBED IN ITEM 14.

(x) A. THIS CHANGE ORDER IS ISSUED PURSUANT TO: (Specify authority) THE CHANGES SET FORTH IN ITEM 14 ARE MADE IN THE CONTRACT ORDER NO. IN ITEM 10A.

B. THE ABOVE NUMBERED CONTRACT/ORDER IS MODIFIED TO REFLECT THE ADMINISTRATIVE CHANGES (such as changes in paying office, appropriation, date, etc.) SET FORTH IN ITEM 14, PURSUANT TO THE AUTHORITY OF FAR 43.103(B).

X C. THIS SUPPLEMENTAL AGREEMENT IS ENTERED INTO PURSUANT TO AUTHORITY OF:
FAR 52.243-04 CHANGES (AUG 1987)

D. OTHER (Specify type of modification and authority)

**E. IMPORTANT:** Contractor ☐ is not, ☒ is required to sign this document and return Original copies to the issuing office.

14. DESCRIPTION OF XXXXXXXXX/MODIFICATION (Organized by UCF section headings, including solicitation/contract subject matter where feasible.)

CONTRACT: N68711-94-C-1754, P005, Enlisted Dining Facility, Marine Corps Air Station, Miramar, San Diego, CA

Description of this Modification continues on page 2.

[Except] as provided herein, all terms and conditions of the document referenced in Item 9A or 10A, as heretofore changed, remains unchanged and in full force [and ef]fect.

15A. NAME AND TITLE OF SIGNER (Type or print): William G. Tadlock, President
16A. NAME AND TITLE OF CONTRACTING OFFICER (Type or print): K. Valentine, Contracting Officer

15B. CONTRACTOR/OFFEROR: [signature] (Signature of person authorized to sign)
15C. DATE SIGNED: 2/18/99
16B. UNITED STATES OF AMERICA BY [signature] (Signature of Contracting Officer)
16C. DATE SIGNED: 2/22/99

51

BLOCK 14. DESCRIPTION OF MODIFICATION

As negotiated on 29 December 1998, the parties hereto mutually agree to the following contract prices as complete equitable adjustment for the following:

PC #000038: Additional import of soils by Cutting Edge to achieve Building pad elevations.

As a result of the Modification agreed to herein, the total contract price is hereby increased by $15,000.00, from $6,197,258.73, to $6,212,258.73. The contract period of performance remains unchanged.

"CONTRACTOR'S STATEMENT OF RELEASE"

Acceptance of this modification by the contractor constitutes an accord and satisfaction and represents payment in full for both time and money and for any and all costs, impact effect, and for delays and disruptions arising out of, or incidental to, the work as herein revised.

Dist
Orig to file
Disbursing
Contractor

# EXHIBIT B

Prime Covers

NAVFAC 4330/43 (8/88)

Wm. G. Tadlock, Inc.

| | | | |
|---|---|---|---|
| CONTRACT NUMBER : | N68711-94-B-1754 | DATE : | 19-Feb-99 |
| CONTRACT TITLE : | Enlisted Dining Faccility | PROPOSAL No. : | 1 |
| CHANGE DISCRIPTION : | Impact Delay Costs | | |

| | PRIME CONTRACTOR'S WORK | | | | | Revisions / Comments |
|---|---|---|---|---|---|---|
| 1. | Direct Materials | | | 1,011 | | |
| 2. | Sales Tax on Materials | 7.75% | of line 11 | 78 | | |
| 3. | Direct Labor | | | 18,711 | | |
| 4. | Insurance, Taxes, and Fringe Benefits | 44.00% | of line 3 | 8,233 | | |
| 5. | Rental Equipment | | | 1,006 | | |
| 6. | Sales Tax on Rental Equipment | 7.75% | of line 5 | 78 | | |
| 7. | Equipment Ownership and Operating Expenses | | | 5,760 | | |
| 8. | SUBTOTAL (add lines 1 - 7) | | | | 34,877 | |
| 9. | Field Overhead | 10.00% | of line 8 | 3,488 | | |
| 10. | SUBTOTAL (add lines 8 & 9) | | | | 38,365 | |

| | SUBCONTRACTORS WORK | | | | |
|---|---|---|---|---|---|
| | a. DYNA | 892.13 | 26,764 | | |
| | b. Davis Mechanical | 184.98 | 5,549 | | |
| | c. CMH | 1443.63 | | | |
| | d. | | - | | |
| | e. | | - | | |
| | f. | | - | | |
| 23. | SUBCONTRACTORS WORK (add lines a - f) | | | 32,313 | |

| | SUMMARY | | | | | |
|---|---|---|---|---|---|---|
| 24. | Prime Contractors Work (from line 10) | | | 38,365 | | |
| 25. | Subcontractors Work (from line 23) | | | 32,313 | | |
| 26. | SUBTOTAL (add lines 24 & 25) | | | | 70,679 | |
| 27. | Prime Overhead on Subcontractor | 11.73% | of line 25 | 3,790 | | |
| 28. | Prime's Home Office Overhead | 11.73% | of line 24 | 4,500 | | |
| 29. | Prime's Profit | 6.00% | of line 26 | 4,241 | | |
| 30. | SUBTOTAL (add lines 26 - 29) | | | | 83,210 | |
| 31. | Prime Contractor's Bond Premium | 0.81% | of line 30 | 674 | | |
| 32. | **TOTAL COST** (add lines 30 & 31) | | | | 83,884 | |

Estimated time extention and justification : 114 Days X 2,796 Amount Per Day

\+ 1,444 CMH

320,202 Total Cost

NOTE : Delays caused by unknown soil conditions, underground utilities disrupting new utilities, CMU expansion joints and Interference by Contractor on concurent Contract.

Calendar Days : N/A

REMARKS :

**GLADSTONEII 01164**

Contractor shall not preceed with any of the work to included in the modification prior to reciept of an executed modification of contract (SF-39)

Wm. G. Tadlock, Inc. [signature] 19 Feb 99

PRIME CONTRACTOR'S NAME — Steve Tadlock, Vice President — DATE

Encl 6

54

# EXHIBIT C

Prime Cover

NAVFAC 4330/43 (8/88)

Wm. G. Tadlock, Inc.

CONTRACT NUMBER : N68711-94-B-1754
CONTRACT TITLE : Enlisted Dining Facility
CHANGE DESCRIPTION : PC-65, Additional Costs

DATE OF PROPOSAL : February 19, 1999
PROPOSAL No. : 01
REVISION DATE : March 15, 2000
REVISION No. : 01b

| PRIME CONTRACTOR'S WORK | | | | | Revisions / Comments |
|---|---|---|---|---|---|
| 1. Direct Materials | | | 8,570 | | |
| 2. Sales Tax on Materials | 7.75% | of line 11 | 664 | | |
| 3. Direct Labor | | | 164,577 | | |
| 4. Insurance, Taxes, and Fringe Benefits | 34.00% | of line 3 | 55,956 | | |
| 5. Rental Equipment | | | 38,958 | | |
| 6. Sales Tax on Rental Equipment | 7.75% | of line 5 | 3,019 | | |
| 7. Equipment Ownership and Operating Expenses | | | 109,883 | | |
| 8. SUBTOTAL (add lines 1 - 7) | | | | 381,627 | |
| 9. Field Overhead | 10.00% | of line 8 | 38,163 | | |
| 10. SUBTOTAL (add lines 8 & 9) | | | | 419,790 | |

| SUBCONTRACTORS WORK | | | |
|---|---|---|---|
| a. DYNA | 101,815 | | |
| b. Davis Mechanical | 5,612 | | |
| c. CMH | 7,826 | | |
| d. R.W. Smith | 39,322 | | |
| e. Craft Tile | 4,481 | | |
| f. Cutting Edge | 9,062 | | |
| g. Sentry | 12,800 | | |
| h. Advanced Systems | 70,560 | | |
| i. Tri-County Insulation | 2,976 | | |
| j. Alonso Painting | 4,312 | | |
| k. Withrow Roofing | 3,120 | | |
| l. | - | | |
| 23. SUBCONTRACTORS WORK (add lines a - f) | | 261,886 | |

| SUMMARY | | | | | |
|---|---|---|---|---|---|
| 24. Prime Contractors Work (from line 10) | | | 419,790 | | |
| 25. Subcontractors Work (from line 23) | | | 261,886 | | |
| 26. SUBTOTAL (add lines 24 & 25) | | | | 681,676 | |
| 27. Prime Overhead on Subcontractor | 7.52% | of line 25 | 19,686 | | |
| 28. Prime's Home Office Overhead | 7.52% | of line 24 | 31,556 | | |
| 29. Prime's Profit | 9.38% | of line 26 | 63,941 | | |
| 30. SUBTOTAL (add lines 26 - 29) | | | | 796,860 | |
| 31. Prime Contractor's Bond Premium | 1.00% | of line 30 | 7,969 | | |
| 32. **TOTAL COST** (add lines 30 & 31) | | | | 804,828 | |

| | | |
|---|---|---|
| 26-Mar-99 | PC # 36, Demo/Replace Asphalt on Jupiter | 22,027 |
| 15-Mar-99 | PC # 44/Mod # 18, Credit for Hardware change | 716 |
| 2-Dec-98 | PC # 48, Fence around lay down lot | 5,801 |
| 12-Jul-98 | PC # 51, Bush CMU for storefronts | 13,805 |
| 7-Jul-99 | PC # 80/Mod # 27, Sanitary floor cleaning | 5,647 |
| 10-Aug-99 | PC # 88, 55 Additional pipe penetrations | 5,239 |
| 11-Feb-99 | PC # 45, Delete vapor barrier | 308 |
| | Interest on billed but unpaid amounts | 1,254 |
| | Administrative Costs 23 July 1999 to 2 March 2000 | 36,500 |
| | **Total Cost including outstanding PC's/Mod's** | **896,125.46** |

Estimated time extension and justification : 114 Days
(Number of days are determined by the number of calendar days from original contract completion date to actual completion)

REMARKS :
Delays caused by unknown soil conditions, underground utilities disrupting new utilities, CMU expansion joints, Interference by other Contractor on concurrent Contract, Excessive number of required RFI's and long response times on RFI's.

Contractor shall not precede with any of the work included in the modification prior to receipt of an executed modification of contract (SF-39)

Wm. G. Tadlock, Inc. [signature] 15 MAR 00

PRIME CONTRACTOR'S NAME — Steve Tadlock, Vice President — DATE

# EXHIBIT D

rec'd 4-10-03

SPARBER ◇ FERGUSON
A PROFESSIONAL LAW CORPORATION • FOUNDED 1974
701 "B" STREET, SUITE 1000
SAN DIEGO, CALIFORNIA 92101-8109
(619) 239-3600 TEL
(619) 239-5601 FAX

Website: www.sparberlaw.com
E-mail: ylissebeck@sparberlaw.com

RICHARD E. SPARBER
GARY B. RUDOLPH ♦
RICHARD J. ANNEN
MICHAEL D. NAGLE
DANIEL F. MORRIN
TODD R. GABRIEL
WILLIAM P. FENNELL †
JACK ANDERSON
MELVIN E. MORRIS
PETER A. ZAMOYSKI
YOSINA M. LISSEBECK

JAMES P. FERGUSON
(RETIRED)

ALSO LICENSED TO PRACTICE IN:
† COLORADO
♦ NEW JERSEY

March 31, 2003

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

Robert Brower, Contracting Officer
Department of the Navy
Resident Officer in Charge of Construction
Southwest Division, Naval Facilities Engineering Command
1220 Pacific Highway
San Diego, Ca. 92132-5190

Re: In re Wm. G. Tadlock, Inc.
U.S.B.C. Case No. 01-07989-M7

Dear Mr. Brower:

I represent the Chapter 7 Trustee, Leslie T. Gladstone, in the above encaptioned bankruptcy filing. A copy of the Debtor's Notice of Bankruptcy Filing, Ms. Galdstone's appointment as Trustee, and a copy of the Order employing my firm as counsel is enclosed hereto for your review and files.

As counsel for the Trustee, we are submitting the enclosed claim for damages in regards to the Miramar Enlisted Dining Facility, Contract Number: N68711-94-B-1754.

If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

SPARBER FERGUSON

Yosina M. Lissebeck

YML/ls
Enclosures
cc: Richard J. Annen, Esq. (w/o enclosures)
4765-1/186511.1

# CLAIM CERTIFICATION

DATE: 3/12/03 CLAIM NO: 1

CONTRACTOR: Wm. G. Tadlock, Inc.

CLAIM FOR: PC-65; Additional Costs

CLAIM DATE: Proposal Date: 2/19/99 Revision Date: 3/10/03

CONTRACT: NO. N68711-94-B-1754;

Enlisted Dining Facility

## CERTIFICATION

I, Leslie T. Gladstone, whose title is Chapter 7 Trustee for the Bankruptcy Estate of WM. G. Tadlock, Inc., hereby certify the above mentioned claim as follows:

This claim is made in good faith; the supporting data is accurate and complete to the best of this Contractor's knowledge and belief; and the amount requested, accurately reflects the contract adjustment for which the Contractor believes the Government is liable and that I am duly authorized to certify the claim on behalf of the contractor.

Dated this 12th day of March, 2003.

(Signature)

4765-1/185667.1

**Wm. G. Tadlock, Inc.**
**USBC Case No. 01-07989-JM**
**Disclosure in Connection with Submission of Miramar Claim**
**Prime Cover 65**
**Contract No. N68711-94-B-1754; Enlisted Dining Facility**

Wm. G. Tadlock, Inc. ("Debtor"), filed a petition for bankruptcy relief under Chapter 11 of the U.S. Bankruptcy Code on or about July 31, 2001 (Case No. 01-07989-JM, on file with the United States Bankruptcy Court in the Southern District of California). The Debtor continued to operate the business as a Debtor-in-Possession until March 13, 2002 when an order converting the Debtor's Chapter 11 bankruptcy case to a case under Chapter 7 of the United States Bankruptcy Code was granted and Leslie T. Gladstone was appointed Chapter 7 Trustee ("Trustee").

Pursuant to court order entered on June 21, 2002, the Trustee retained Bruno, Mack & Barclay (now known as Mack | Barclay, Inc. ("MBI"), following a corporate name change effective December 1, 2002) as her Chapter 7 accountants in the Debtor's bankruptcy case.

The Trustee wishes to disclose the following limitations associated with MBI's review and evaluation of the attached prime claim for reimbursement (PC-65), (the "Claim"):

- The Debtor provided MBI with an electronic version of the Claim dated March 6, 2002, in addition to binders containing select documentation in support of the Claim.
- MBI reviewed the Claim for the following and made adjustments as necessary:
    - Mathematical accuracy and consistency
    - Reasonableness of costs requested
- MBI reviewed the Debtor's available records in an effort to locate additional supporting documentation and followed-up with the Debtor to clarify reporting matters such as the nature of certain expenses, the Debtor's relationship with certain subcontractors, industry reporting standards, etc.
- Neither the Trustee nor MBI have evaluated the methodology of the Claim or government standards relating to claims for reimbursement.

This Claim has been reviewed utilizing the best information available at this time and is submitted based on MBI's and the Trustee's reasonable good faith efforts under the circumstances.

Prime Cover

NAVFAC #330/43 (8/88)

Bankruptcy Estate of Wm. G. Tadlock, Inc.

CONTRACT NUMBER : N68711-94-B-1754
CONTRACT TITLE : Enlisted Dining Facility
CHANGE DESCRIPTION : PC-66, Additional Costs

.E OF PROPOSAL : February 19, 1999
PROPOSAL No. : 01
REVISION DATE : March 10, 2003
REVISION No. : 03

| PRIME CONTRACTOR'S WORK | | | | | Revisions / Comments |
|---|---|---|---|---|---|
| 1. Direct Materials | | | 4,990 | | |
| 2. Sales Tax on Materials | 7.75% | of line 11 | 387 | | |
| 3. Direct Labor | | | 92,978 | | |
| 4. Insurance, Taxes, and Fringe Benefits | 34.00% | of line 3 | 31,612 | | |
| 5. Rental Equipment | | | 2,803 | | |
| 6. Sales Tax on Rental Equipment | 7.75% | of line 5 | 217 | | |
| 7. Equipment Ownership and Operating Expenses | | | 90,656 | | |
| 8. SUBTOTAL (add lines 1 - 7) | | | | 223,644 | |
| 9. Field Overhead | | of line 8 | - | | |
| 10. SUBTOTAL (add lines 8 & 9) | | | | 223,644 | |

| SUBCONTRACTORS WORK | | | |
|---|---|---|---|
| A. Davis Mechanical | 5,612 | | |
| B. Sim J. Harris | 15,000 | | |
| C. Reliance | 230,305 | | |
| D. Craft Tile | 4,481 | | |
| E. Cutting Edge | 9,062 | | |
| F. Sentry Fire Protection Co. | 12,800 | | |
| G. Tri-County Insulation | 2,976 | | |
| H. Alonso Painting | 2,607 | | |
| I. J.P. Witherow Roofing | 5,120 | | |
| 23. SUBCONTRACTORS WORK (add lines A - I) | | 287,962 | |

| SUMMARY | | | | | |
|---|---|---|---|---|---|
| 24. Prime Contractors Work (from line 10) | | | 223,644 | | |
| 25. Subcontractors Work (from line 23) | | | 287,962 | | |
| 26. SUBTOTAL (add lines 24 & 25) | | | | 511,606 | |
| 27. Prime Overhead on Subcontractor | 7.52% | of line 25 | 21,647 | | |
| 28. Prime's Home Office Overhead | 7.52% | of line 24 | 16,812 | | |
| 29. Prime's Profit | 9.68% | of line 26 | 49,523 | | |
| 30. SUBTOTAL (add lines 26 - 29) | | | | 599,588 | |
| 31. Prime Contractor's Bond Premium | 0.90% | of line 30 | 5,368 | | |
| 32. TOTAL COST (add lines 30 & 31) | | | | 604,955 | |

| | | | |
|---|---|---|---|
| 04/26/99 | PC # 36, Demo/Replace Asphalt on Jupiter (see Tab J) | | 22,027 |
| 12/02/98 | PC # 48, Fence around lay down lot (see Tab J) | | 5,801 |
| 07/12/98 | PC # 51, Bush CMU for storefronts (see Tab J) | | 13,805 |
| 07/07/99 | PC # 80/Mod # 27, Sanitary floor cleaning (see Tab J) | | 5,647 |
| 08/10/99 | PC # 88, 55 Additional pipe penetrations (see Tab J) | | 5,239 |
| | Additional asphalt paving required by PC # 19 (see Tab J) | | 3,754 |
| 02/11/99 | PC # 45, Delete vapor barrier (see Tab J) | | 308 |
| | Interest on billed but unpaid amounts from August 1999 (through March 2003) | 45 Months | 224,648 |
| | Prime Contractor's Bond Premium on additional work/cost/interest above (@ 0.90%) | | 2,518 |

**Total Cost including outstanding PC's/Mod's** 888,701.66

Estimated time extension and justification : 114 Days
(Number of days are determined by the number of calendar days from original contract completion date to actual completion)

REMARKS :
Delays caused by unknown soil conditions, underground utilities disrupting new utilities, CMU expansion joints, interference by other Contractor on concurrent Contract, excessive number of required RFI's and long response times on RFI's.

Contractor shall not precede with any of the work included in the modification prior to receipt of an executed modification of contract (SF-30)

Leslie T. Gladstone
Chapter 7 Trustee for
Bankruptcy Estate of Wm. G. Tadlock, Inc.
U.S.B.C. Case No.: 01-07989

[signature] , Trustee

3/12/03
DATE

Bankruptcy Estate of Wm. G. Tadlock, Inc.

| Item No. | ITEM OF WORK | QUANTITY MEASURE | QUANTITY UNIT | LABOR UNIT | LABOR TOTAL COST | MATERIAL UNIT | MATERIAL TOTAL COST | UNIT PRICES OWNED | UNIT PRICES RENTED | EQUIPMENT OWNED | EQUIPMENT RENTED | TOTAL COST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Increase in administrative cost due to excessive number of Field Notices/RFI's caused by drawing errors and omissions ( 27 January 1999 - 23 March 1999 ) | | | | | | | | | | | |
| 1 | | | | | | | | | | | | |
| | Project Manager (Jerry Silva) | 8.00 | Wks | 1,250 | 10,000.00 | | | | | | | 10,000.00 |
| | Vehicle Allowance | 8.00 | Wks | | | | | 50.00 | | 400.00 | | 400.00 |
| | Fuel & Misc. Expenses | 2 | Mos | | | | | 118.32 | | 236.64 | | 236.64 |
| | Administrative Projects Costs from 24 March 1999 - 23 July 1999 (Demobilization) | | | | | | | | | | | |
| 2 | Office Trailer | 4 | Mos | | | | | | 295.00 | | 1,180.00 | 1,180.00 |
| | Telephone, Local | 4 | Mos | | | | | 138.19 | | 552.76 | | 552.76 |
| | Long Distance | 4 | Mos | | | | | 45.96 | | 183.84 | | 183.84 |
| | Water, Drinking | 4 | Mos | | | | | 73.05 | | 292.20 | | 292.20 |
| | Portable Toilets, 3 ea | 4 | Mos | | | | | 223.30 | | 893.20 | | 893.20 |
| | Computers/Copier Systems, 3/1 | 4 | Mos | | | | | 78.00 | | 312.00 | | 312.00 |
| | 2 - way Radio System | 4 | Mos | | | | | 25.00 | | 100.00 | | 100.00 |
| | Furniture | 4 | Mos | | | | | 40.00 | | 160.00 | | 160.00 |
| | Fax Machine | 4 | Mos | | | | | 28.00 | | 112.00 | | 112.00 |
| 3 | 40' Semi Trailer | 4 | Mos | | | | | 100.00 | | 400.00 | | 400.00 |
| | F-350 Dump Truck | 4 | Mos | | | | | 185.00 | | 740.00 | | 740.00 |
| | Bobcat, 751 | 4 | Mos | | | | | 500.00 | | 2,000.00 | | 2,000.00 |
| | Bobcat Trailer | 4 | Mos | | | | | 60.00 | | 240.00 | | 240.00 |
| | Breaker | 4 | Mos | | | | | 125.00 | | 500.00 | | 500.00 |
| | Backhoe | 4 | Mos | | | | | 135.00 | | 540.00 | | 540.00 |
| | 4 in 1 Bucket | 4 | Mos | | | | | 120.00 | | 480.00 | | 480.00 |
| | Sweeper | 4 | Mos | | | | | 125.00 | | 500.00 | | 500.00 |
| | Forks | 4 | Mos | | | | | 20.00 | | 80.00 | | 80.00 |
| | Buckets | 4 | Mos | | | | | 15.00 | | 60.00 | | 60.00 |
| | Fork Lift | 4 | Mos | | | | | 300.00 | | 1,200.00 | | 1,200.00 |
| | Air Compressor | 4 | Mos | | | | | 184.80 | | 739.20 | | 739.20 |
| | Tools & Accessories | 4 | Mos | | | | | 211.20 | | 844.80 | | 844.80 |
| | Man Lift | 4 | Mos | | | | | 185.00 | | 740.00 | | 740.00 |
| | Scaffold | 4 | Mos | | | | | 45.00 | | 180.00 | | 180.00 |
| | Misc. Tools & Equipment | 4 | Mos | | | | | 675.00 | | 2,700.00 | | 2,700.00 |
| | Diesel/Oil (Planvan Petroleum) | 1 | Lot | | | 340.68 | 340.68 | 45.00 | | 45.00 | | 385.68 |
| 4 | Storage Roll-Off | 4 | Mos | | | | | 70.56 | | 282.24 | | 282.24 |
| 5 | Trash Roll-Off | 4 | Mos | | | | | | 305.83 | | 1,223.32 | 1,223.32 |
| 6 | Security Fence | 4 | Mos | | | | | | 100.00 | | 400.00 | 400.00 |
| 7 | Project Manager (Jerry Silva) | 18.00 | Wks | 1,250 | 22,500.00 | | | | | | | 22,500.00 |
| | Vehicle Allowance | 18.00 | Wks | | | | | 50.00 | | 900.00 | | 900.00 |
| | Fuel & Misc. Expenses | 4 | Mos | | | | | 371.44 | | 1,485.76 | | 1,485.76 |
| | Phone | 4 | Mos | | | | | 84.70 | | 338.80 | | 338.80 |
| 8 | Project Superintendent (Steve Erickson) | 18.00 | Wks | 1,000 | 18,000.00 | | | | | | | 18,000.00 |
| | Vehicle Allowance/Subsistence | 18.00 | Wks | | | | | 325.00 | | 5,850.00 | | 5,850.00 |
| | Fuel & Misc. Expenses | 4 | Mos | | | | | 368.39 | | 1,473.56 | | 1,473.56 |
| | Phone | 4 | Mos | | | | | 84.70 | | 338.80 | | 338.80 |
| 9 | CQC (Ortiz/Mirr) | 18.00 | Wks | 1,400 | 25,200.00 | | | | | | | 25,200.00 |
| | Vehicle Allowance | 18.00 | Wks | | | | | 50.00 | | 900.00 | | 900.00 |
| | Fuel & Misc. Expenses | 4.00 | Mos | | | | | 265.87 | | 1,063.48 | | 1,063.48 |
| 10 | Foreman, 2 (working 70%)(Scott Tadlock) | 5.40 | Wks | 1,040 | 5,616.00 | | | | | | | 5,616.00 |
| | Phone | 4 | Mos | | | | | 169.40 | | 677.60 | | 677.60 |
| | Fuel & Misc. Expenses | 4 | Mos | | | | | 865.22 | | 3,460.88 | | 3,460.88 |
| 11 | Job Clerk (Juanita New) | 18 | Wks | 400.00 | 7,200.00 | | | | | | | 7,200.00 |
| 12 | Construction Schedule Update (Turbo CM) | 3 | Mos | | | | | 420.00 | | 1,260.00 | | 1,260.00 |
| | Reproduction | 1 | Lot | | | | | 120.00 | | 120.00 | | 120.00 |
| 13 | Additional Soils Inspection (CTE) | 120 | Hrs | | | | | 45.00 | | 5,400.00 | | 5,400.00 |

Bankruptcy Estate of Wm. G. Tadlock, Inc.

| Item No. | ITEM OF WORK | QUANTITY | | LABOR | | MATERIAL | | UNIT PRICES | | EQUIPMENT | | TOTAL COST |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | MEASURE | UNIT | UNIT | TOTAL COST | UNIT | TOTAL COST | OWNED | RENTED | OWNED | RENTED | |
| 14 | Additional Masonry Inspection (CTE) (see support at Tab 13) | 12 | Days | | | | | 360.00 | | 4,320.00 | | 4,320.00 |
| 15 | Management Claims Consultant (Troy Fichtelman) | 75 | Hrs | 85.00 | | | | | | 6,375.00 | | 6,375.00 |
| 16 | Forensic Scheduling Consultant (John Goode) | 152 | Hrs | 85.00 | | | | | | 12,920.00 | | 12,920.00 |
| 17 | Legal Counsel (Thomas M. Finrow) | 4 | Mos. | 7,064.66 | | | | | | 28,258.64 | | 28,258.64 |
| 18 | Overtime Required to Meet Schedules | | | | | | | | | | | |
| | Supervision (of subcontracted employees) | 128 | Hrs | 30.00 | 3,840.00 | | | | | | | 3,840.00 |
| | WGT Employees | 23 | Hrs | 27.04 | 621.92 | | | | | | | 621.92 |
| | MISCELLANEOUS MATERIAL & SMALL TOOLS, 5% OF LABOR | | | | | | 4,648.90 | | | | | 4,648.90 |
| | | | TOTALS | | 92,977.92 | | 4,989.58 | | | 90,656.40 | 2,803.32 | 191,427.22 |

**United States Bankruptcy Court**
**Southern District of California**

## Notice of Bankruptcy Case Filing

FILED Electronically 07/31/2001

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 07/31/2001 at 3:02 PM and filed on 07/31/2001.

**Wm. G. Tadlock, Inc.**
9131 Fletcher Parkway, Ste. 124
La Mesa, CA 91942
Tax id: 33-0688890

The case was filed by the debtor's attorney:

**Richard D. Streeper**
2067 First Ave.
San Diego, CA 92101

The bankruptcy trustee is:

**Leslie T. Gladstone**
P.O. Box 2309
La Jolla, CA 92038-2309

(858) 454-9887

The case was assigned case number 01-7989 to Judge James W. Meyers.

The filing of a bankruptcy case automatically stays certain actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.casb.uscourts.gov or at the Clerk's Office, Jacob Weinberger U.S. Courthouse, 325 West F Street, San Diego, CA 92101-6991.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Barry K. Lander**
**Clerk, U.S.**
**Bankruptcy Court**

---

| PACER Service Center |
| --- |
| Transaction Receipt |

| 03/31/2003 15:31:25 | | | |
|---|---|---|---|
| **PACER Login:** | gr0062 | **Client Code:** | |
| **Description:** | Notice of Filing | **Case Number:** | 01-07989-JM |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

ENTERED 5-20-02

FILED

MAY 16 2002

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

CSD 1001 [08/21/00]

Name, Address, Telephone No. & I.D. No.
Gary B. Rudolph, Esq. (#101921)
William P. Fennell, Esq. (#164210)
SPARBER FERGUSON
701 "B" Street, Tenth Floor
San Diego, CA 92101
Telephone (619) 239-3600
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

WM. G. TADLOCK, INC.,

Debtor.

BANKRUPTCY NO. 01-07989-M7
Date of Hearing: n/a
Time of Hearing: n/a
Name of Judge: Hon. James W. Meyers

**ORDER APPROVING EX PARTE APPLICATION BY TRUSTEE FOR AUTHORITY TO EMPLOY GENERAL COUNSEL**

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through two (2) with exhibits, if any, for a total of two (2) pages, is granted. Motion/Application Docket Entry No. 121

//

//

//

//

//

//

DATED: MAY 16 2002

Louise DeCarl Adler
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:
SPARBER FERGUSON

By: /s/ Yosina M. Lissebeck, Esq.
Attorney for Leslie T. Gladstone, Chapter 7 Trustee

CSD 1001/172839.1

66

Upon the foregoing ex parte application of Leslie T. Gladstone, Chapter 7 Trustee herein ("trustee"), praying for approval of the employment of Sparber Ferguson as her attorneys herein; and upon the declaration of disinterest of attorneys; and it appearing that no notice of hearing on said application need be given; and the Court being satisfied that said attorneys hold and represent no interest adverse to the individual creditors herein, the debtor or the estate of the debtor, and that employment of said attorneys is necessary and in the best interest of the estate; and good cause appearing;

IT IS HEREBY ORDERED:

1. That the employment by the trustee of Sparber Ferguson as her attorneys of record in these proceedings to render services as identified in the Ex Parte Application To Employ General Counsel be and is hereby approved effective April 15, 2002;

2. That compensation to Sparber Ferguson for professional services rendered on behalf of the trustee shall, subject to further court approval after due notice and hearing, and subject to the provisions of Bankruptcy Code Section 330, be on an hourly basis at the normal and customary hourly rates of said counsel and its employees as said rates may be from time to time. Said attorneys shall also have the right to apply for interim compensation pursuant to Bankruptcy Code Section 331; and

3. The provisions of Section 6148 of the Business and Professions Code concerning a written fee agreement are waived, except to the extent provided in the application.

# EXHIBIT E

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LESLIE GLADSTONE, AS TRUSTEE OF WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE, | ) | |
| Plaintiff, | ) | 04-1145C (Judge Nancy B. Firestone) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DECLARATION OF JOSEPH A. ANGELL IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1.) My name is Joseph A. Angell II. I retired as a Commander, Civil Engineer Corps, US Navy in August 2003. I am currently working in private industry.

2.) I was the Resident Officer in Charge of Construction ("ROICC"), Marine Corps Air Station ("MCAS") Miramar, Naval Facilities Engineering Command, Southwest Division, San Diego, California. ("SWDIV") from approximately April 1999 to June 2001.

3.) The construction contract at issue in this case required that W.G. Tadlock, Inc. ("Tadlock"), build an enlisted dining facility at MCAS Miramar in San Diego, California. The period of performance was from February 1998 to July 1999.

4.) In my role as ROICC, I was in charge of the agency representatives who administered the Tadlock contract. I was responsible for ensuring that Tadlock and the agency complied with the provisions of the contract and any applicable laws and regulations. I was a warranted contracting officer ("CO") during this assignment and signed modifications and letters on behalf of the agency.

5.) Based upon my review of the contemporaneous contract documents and



JAA 8/11/05

discussions with agency personnel and Tadlock employees, I was made aware of the fact that just prior to the time I assumed responsibility as the ROICC, on or about April 1999, issues arose between Tadlock and the agency concerning contract performance. Tadlock contended that there were a number of contract changes and that those changes significantly impacted its schedule.

6.) Prior to this period of disagreement, several modifications were executed bilaterally with standard full release language. Based upon my discussions with agency personnel, I believe that it was the agency's understanding that those modifications provided complete compensation for all costs associated with the changed work covered by the modifications.

7.) It was not until subsequent to the execution of the bilateral modifications with full releases, that Tadlock claimed additional costs for extended overhead and delays for the work covered by the bilateral modifications containing the full release language.

8.) After I became ROICC, neither I nor any other agency employee to my knowledge agreed with Tadlock's assertion that delay costs were excluded from those bilateral modifications. After I became ROICC, neither I nor any other agency employee to my knowledge discussed with Tadlock the possibility of increasing the amount of compensation paid pursuant to those bilateral modifications.

9.) After I assumed the position as ROICC, I discussed with Tadlock several modifications to the contract that covered work that was different than the work that was the subject matter of the bilateral modifications with the full release language. Following such discussions, several unilateral modifications and bilateral modifications with limited release language were executed.

JH 8/11/05

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 11, 2005.

Joseph A. Angell II, PE
Commander, Civil Engineer Corps, US Navy (Retired)

# EXHIBIT F

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LESLIE GLADSTONE, AS TRUSTEE OF WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE, | ) | 04-1145C |
| Plaintiff | ) | (Judge Nancy B. Firestone) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

DECLARATION OF MICHAEL R. MCGAW IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

I, Michael R. McGaw, hereby declare as follows:

1.) I am a registered professional engineer. I worked for the Naval Facilities Engineering Command ("NAVFAC") in San Diego from 1992 to September 1999. I resigned from my civilian Navy position to pursue other opportunities. I am currently working in the private sector.

2.) While employed by NAVFAC in San Diego, from November 1992 to May 1995, I was the Design Manager for several construction projects at Marine Corps Air Station ("MCAS") Miramar, San Diego, California. From June 1995 to September 1999, I was both the Project Construction Engineer and Design Manager, again, for a number of construction projects located at MCAS Miramar. My responsibilities in those positions required me to examine design and construction submissions to determine that design standards and contract requirements were met. Included within the many projects I handled at MCAS Miramar was the Enlisted Dining Facility Contract awarded to William G. Tadlock, Inc. ("Tadlock"). The contract called for the construction of a large

food serving/dining facility based on plans and specifications prepared specifically for this particular project.

3.) During performance of the Enlisted Dining Facility contract, we began to experience problems and disagreements with Tadlock. Tadlock maintained that the number of changes required on the contract significantly impacted their schedule.

4.) The bilateral contract modifications containing full release language executed by Tadlock were done with the parties' understanding that such modifications covered all costs associated with the changed work, including extended overhead and time. It was not until later during the performance of the contract, after the bilateral medications with full releases had been executed, that Tadlock asserted that it wanted additional damages for extended overhead and delays for the work covered by those modifications. To the best of my knowledge, at no time during my NAVFAC tenure at MCAS Miramar did I or any other government representative have an understanding with Tadlock that Tadlock intended to reserve time and impact costs for later consideration at the time that the bilateral modifications with full releases were executed.

5.) Subsequent to the execution of the bilateral modifications containing the full release language, unilateral modifications and bilateral modifications with modified release language were executed by the parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 17, 2005.

Michael R. McGaw

Michael R. McGaw, P.E.