IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LESLIE GLADSTONE, AS TRUSTEE OF THE WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1145C (Judge Nancy Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PROPOSED FINDINGS OF FACT IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

1. On February 5, 1998, the contract that is the subject matter of this dispute was awarded to William G. Tadlock, Inc. ("Tadlock"), in the amount of $6,008,622, by Southwest Division, Naval Facilities Engineering Command in San Diego, California. Complaint ("Comp.") ¶ 7. The contract was for the construction of an enlisted dining facility at the Marine Corps Air Station ("MCAS"), Miramar, San Diego, California. Comp. ¶ 5.

2. Construction was to commence on February 20, 1998, and be completed by March 22, 1999. Comp. ¶8.

3. Between May 1998 and February 1999, the sixteen contract modifications that are the subject of this motion were issued.[1] Appendix ("App."), Exhibit ("Exh.") A.

4. Modification A00002, executed by Tadlock and the Government on May 15, 1998, required that the Government pay Tadlock half of the costs it incurred in connection with the initial partnering meeting. App., Exh. A, Modification A00002. The contract price was increased by $1,608.65 to $6,010,230.65; the contract completion date remained unchanged. Id. The modification included the following release (hereinafter referred to as "a full release"):

> CONTRACTOR'S STATEMENT OF RELEASE
>
> Acceptance of this modification by the contractor constitutes an accord and satisfaction and represents payment in full for both time and money

[1] Modification A00001, issued unilaterally by the Government, incorporated a U.S. Department of Labor Wage Decision into the contract. Comp. ¶9. App., Exh. 1. Neither the contract price nor the period of performance were affected by this modification. Id.

> and for any and all costs, impact effect, and for delays and disruptions arising out of, or incidental to, the work as herein revised.

Id.

5. Modification A00003, executed by Tadlock and the Government on August 7, 1998, and August 8, 1998, respectively, increased the scope of work by adding a second opening in the service counter; a custom stainless steel worktable; a custom wall shelf; sneeze guard, shelf, seven heat lamps; and a hot food box. App., Exh. A, Modification A00003. The modification also deleted the following items from the scope of work: hot wells; prep tables; wall shelves; donut fryer; hood; fire suppression; and yogurt machines. Id. The contract price was reduced by $18,656.00 to $5,991,574.65; the contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

6. Modification A00004, executed by Tadlock and the Government on August 14, 1998, and August 17, 1998, respectively, increased the scope of work by requiring that Tadlock raise the storm drain, install a storm drain line that was not shown on the contract drawing; and to enlarge, reinforce, and add a heavy duty cover for a manhole. App., Exh. A. The modification increased the contract price by $10,255.00 to $6,001,829.65; the completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

7. Modification A00005, executed by Tadlock and the Government on August 24, 1998, and August 26, 1998, respectively, increased the scope of work by requiring that Tadlock install two valves/boxes in the existing water line. App., Exh. A, Modification A00005. The contract price was increased by $3,798.00 to $6,005,627.65; the completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

8. Modification A00006, executed by Tadlock and the Government on August 24, 1998, and August 26, 1998, respectively, required that the Government reimburse Tadlock for half the costs incurred by Tadlock in connection with the follow-on partnering workshop. Id. The contract price was increased by $119.72 to $6,005,747.37; the contract completion date remained unchanged. Id. The modification included a full release. Id.

9. Modification A00007, executed by Tadlock and the Government on August 24, 1998, and August 26, 1998, respectively, increased the scope of work by requiring that Tadlock add a stainless steel heat exchanger and burners. App., Exh. A, Modification A00007. The contract price was increased by $4,674.00 to $6,010,421.37; the contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

10. Modification A00008, executed by Tadlock and the Government on August 26, 1998, increased the scope of work by requiring that Tadlock tunnel under the existing ductbank that interfered with the utilities and building footings. App., Exh. A, Modification A00008. The modification increased the price by $3,187.00 to $6,013,608.37. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

11. Modification A00009, executed by Tadlock and the Government on September 21, 1998, increased the scope of work by requiring that Tadlock remove cemented material that was not indicated on the boring logs. App., Exh. A, Modification A00009. The modification increased contract price by $34,387.00 to $6,047,995.37; the contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

12. Modification A00010, executed by Tadlock and the Government on September 29, 1998, increased the scope of work by requiring that Tadlock reroute the duct bank; remove additional asphalt; add a duplex outlet and wiring for the receiving scale; and change the wiring and circuit breakers for the refrigeration system. App., Exh. A, Modification A00010. The contract price was increased by $7,023.00 to $6,055,018.37. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

13. Modification A00011, executed by Tadlock and the Government on October 15, 1998, required that Tadlock install an additional 70 feet of 2-2 inch conduit; remove the hard pan and utilities discovered during excavation along Loadstar, Polaris, and Jupiter roads, and at the manholes; add wiring boxes and conduit; excavate and place slurry into footings, haul dirt from the footings; and change the lobby lights. App., Exh. A, Modification A00011. The contract price was increased by $83,143.00 to $6,138,161.37. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

14. Modification A00012, executed by Tadlock and the Government on October 15, 1998, increased the scope of work by requiring that Tadlock add 48 strands of fiber cable. App., Exh. A, Modification A00012. The contract price was increased by $25,170.00 to $6,163,331.37. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

15. Modification A00013, executed by Tadlock and the Government on October 15, 1998, increased the scope of work by requiring that Tadlock add control joints to the concrete masonry units. App., Exh. A, Modification A00013. The contract price was increased by $19,858.00 to $6,183,189.37. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

16. Modification A00014, executed by Tadlock and the Government on November 4, 1998, increased the scope of work by requiring that Tadlock repair the 8" water line and encase the shallow lines in concrete. App., Exh. A, Modification A00014. The contract price was increased by $6,091.00 to $6,189,280.37. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

17. Modification A00015, executed by Tadlock and the Government on December 9, 1998, increased the scope of work by requiring that Tadlock remove debris left on its laydown site by

others. App., Exh. A, Modification A00015. The contract price was increased by $7,244.00 to $6,196,524.37. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

18. Modification A00016, executed by Tadlock and the Government on December 29, 1998, reimbursed Tadlock for one-half the cost of the follow on partnering workshop. App., Exh. A, Modification A00016. The contract price was increased by $734.36 to $6,197,258.73. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id.

19. Modification A00017, executed by Tadlock and the Government on February 18, 1999, and February 22, 1999, respectively, increased the scope of work by requiring that Tadlock bring in additional soil to meet the required building pad elevations. App., Exh. A, Modification A00017. The contract price was increased by $15,000 to a total price of $6,212,258.73. Id. The contract completion date remained unchanged. Id. The modification included a full release. Id. In addition, the modification stated that it constituted a "complete equitable adjustment" for the work covered by the modification. Id.

20. On February 19, 1999, only one day after Tadlock had executed Modification A00017, the last modification that is the subject matter of this motion, Tadlock submitted a cost proposal for $320,202, titled "Impact Delay Costs," seeking direct and indirect costs and a contract extension of 114 days, based in part upon differing site conditions, including unknown soil conditions, underground utilities disrupting new utilities, and concrete masonry blocks expansion joints. App., Exh B.

21. On March 15, 2000, Tadlock submitted a revised cost proposal seeking $896,125.46, for direct and indirect costs, and a contract extension of 114 days, based in part upon differing site conditions, including unknown soil conditions, underground utilities disrupting new utilities, and concrete masonry blocks expansion joints. App., Exh C.

22. On July 31, 2001, Tadlock filed a petition for bankruptcy. App., Exh. D. On March 13, 2001, Leslie Gladstone was appointed the trustee for the William G. Tadlock, Inc., bankruptcy estate. Id.

23. On March 31, 2003, Gladstone submitted a certified claim seeking $888,701.66, and a

114 day extension of the contract completion date. Id.

24. On July 13, 2004, Gladstone filed the complaint in this matter.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

August 30, 2004

Attorneys for Defendant