IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LESLIE GLADSTONE, AS TRUSTEE OF WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE, | ) | |
| Plaintiff, | ) | 04-1145 C (Judge Nancy Firestone) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO
FILE AN AMENDED ANSWER TO COMPLAINT

Pursuant to Rule 15 (a) of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests leave to file an amended answer to include a counterclaim. Counsel for plaintiff has indicated that plaintiff will oppose the granting of this motion.

The contracting officer issued a final decision on July 2, 2005, pertaining to the assessed but uncollected liquidated damages in the amount of $282,824. The contracting officer specifically noted that the decision was not a demand for payment but was being issued to establish the Government's entitlement to the uncollected amount of the assessed liquidated damages.

RCFC 15(a) allows for amendment of a pleading "by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." RCFC 15(a). Consistent with the plain language of RCFC 15(a), this Court and its predecessor, the Court of Claims, have recognized that leave to amend a defendant's answer should be freely granted. Cities Service Helex, Inc. v. United States, 211 Ct. Cl. 222, 234 n.14, 543 F.2d 1306, 1313 n. 14 (1976)(waiver defense considered on the merits where Government did not plead it

in its answer, but both parties exhaustively treated the issue in motions); St. Paul Fire and Marine Insurance Co. v. United States, 31 Fed. Cl. 151, 153-54 (1994); Johnson v. United States, 15 Cl. Ct. 169, 172 (1988); Effingham County Board of Education v. United States, 9 Cl. Ct. 177, 180 (1985).

A party should be allowed to litigate all substantive issues, absent a showing of undue delay, bad faith, or a dilatory motive. Hess v. United States, 210 Ct. Cl. 483, 491-92, 537 F.2d 457 (1976) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)); St. Paul Fire & Marine Insurance Co. v. United States, 31 Fed. Cl. at 153-54 (1994). None of those situations is present here.

Quoting the Supreme Court's interpretation of Rule 15(a) of the Civil Rules of Procedure in Foman v. Davis, 371 U.S. 178, 182 (1962), this Court in Effingham County Board of Education, stated:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . If the underlying facts or circumstances to be relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Effingham County, 9 Cl. Ct. at 180.

The Court considered Supreme Court's list of reasons for denying a Rule 15(a) motion, set

forth in Foman, to be instructive – but not exclusive. Accordingly, a denial properly could be based upon a reason other than one articulated in Foman, but the reason would have to be compelling, or it would not meet the strict Foman standard. See also Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312, 313 (1992) (courts "have recognized the appropriateness of amending an answer to raise additional defenses").

Undersigned counsel, during her discussions with agency personnel, realized that a counterclaim to plaintiff's claim was appropriate. Plaintiff will not be prejudiced by the amendment of our answer at this time since the subject matter of the counterclaim was known by plaintiff during, and immediately subsequent to, performance of the contract.

Accordingly, defendant respectfully requests leave to file the amended answer and counterclaims.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW

Attn: Classification Unit, 8th Floor
Washington, D.C. 20530

September 13, 2005 Attorneys for Defendant