IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LESLIE GLADSTONE, AS TRUSTEE OF WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE, | ) | |
| Plaintiff, | ) | 04-1145C (Judge Nancy Firestone) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RELY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO COMPLAINT

Defendant respectfully files its reply to Gladstone's opposition to defendant's motion for leave to file an amended answer to the complaint. In its opposition, Gladstone contends that our motion for leave to file an amended answer to the complaint should be denied because it was not timely filed and because the proposed counterclaim is "futile."[1] As we demonstrate below, Gladstone's contentions have no merit.

I. There Was No Undue Delay In The Government's Filing Its Motion To Amend The Answer To The Complaint

Gladstone contends that there was "undue delay" between the filing of her complaint and the Government's filing of its motion to amend its answer to add a counterclaim. Pet.'s Memorandum at 1.

The complaint in this matter was filed on July 17, 2004. A settlement meeting was held

[1] Gladstone is correct in her assertion that defendant's motion could have been filed pursusnt to Rule 13 of the Rules of the Court of Federal Claims ("RCFC"), rather than Rule 15. However, Rule 15 can also be used. See St. Paul Fire and Marine Insurance Company v. United States, 31 Fed. Cl. 171 (1994)(motion for leave to file an amended answer, counterclaim, and special plea in fraud filed pursuant to Rule 15 of RCFC).

on May 25 and 26, 2005, in San Diego, California. The time leading up to the settlement meeting was devoted to addressing the merits of Gladstone's claim. To assist in this regard, the Government retained experts in the areas of scheduling, engineering, and accounting. The experts' preliminary analyses were not completed until sometime shortly before the meeting. Without the benefit of the scheduling expert's critical path method analysis of the causes of the delays to the contract, defendant was not able to fairly assess the merits of a potential counterclaim based upon the cause of the delay to the completion of the contract.

The defendant's motion for leave to file an amended answer to the complaint was filed on September 17, 2005. The three and a half month period between the May 25 and 26, 2005 settlement meeting, and the September 17, 2005 filing of defendant's motion to amend the answer to assert a counterclaim was not "undue. Given that settlement negotiations did not conclude in this case until the end of May 2005; that the Government's scheduling expert did not complete his analysis until that time; that the Government did not have the opportunity to determine the credibility, accuracy, and reliability of Gladstone's scheduling expert until that meeting; and given that the Government was required to determine whether the fact that the complaint was filed by a bankruptcy trustee impacted defendant's ability to assert a counterclaim to recoup the assessed but uncollected liquidated damages, defendant's motion was timely filed. Leave of court to amend an answer to assert a counterclaim is warranted when the counterclaim is not asserted in the initial answer through oversight, inadvertence, or excusable neglect. See Rule 13(f) of the Rules of the United States Court of Federal Claims. Given the procedural history of this case, as described above, such leave is warranted.

Gladstone's reliance upon Preferred Meal Systems v. Save More Foods, Inc., 129 F.R.D. 11 (D.C. 1990), is misplaced. Pl.'s Memo. At 9. The denial of the motion to amend in Preferred was based upon a 29-month delay after the complaint was filed and upon the fact that the granting of that motion would have necessitated an extension of the discovery and trial dates. Preferred Meal Systems, 129 F.R.D. at 12. Here, the delay was half of the delay in Preferred, the discovery schedule will not be affected, and no trial date has been set.

Instructive on the issue of the degree of prejudice that must be demonstrated to defeat a motion to amend is St. Paul Fire and Marine Insurance Company v. United States, 31 Fed. Cl. 171 (1994). In St. Paul, the Court held that in order to successfully assert undue prejudice as justification for denying a motion to amend, the nonmovant must demonstrate severe disadvantage or inability to present facts or evidence, the necessity of conducting extensive research shortly before trial due to introduction of new evidence or legal theory, or excessive delay that is unduly burdensome; mere annoyance and inconvenience, however, are insufficient bases to warrant denial of motion. St. Paul Fire and Marine Insurance Company, 31 Fed. Cl. at 153. In our motion we asserted that Gladstone would not be prejudiced by the amendment of our answer at this time because the subject matter of the counterclaim was known by Gladstone during, and immediately subsequent to, the performance of the contract. Defendant's Motion For Leave to file An Amended Answer To Complaint, at 4. In opposition, Gladstone has failed to demonstrate how she would be prejudiced by the granting of our motion. Plaintiff's Memorandum of Points and Authorities ("Pl.'s Memorandum"). at 1-12.

Because Gladstone has failed to demonstrate that any "delay" in the Government's filing our motion to amend the answer to assert a counterclaim was "undue," and has not established how she would be prejudiced by the granting of that motion, the Court should grant our motion for leave to amend the answer.

II. The Automatic Stay In Bankruptcy Does Not Apply To Recoupment

Gladstone asserts that "the Government now seeks to recover liquidated damages for the delay from Tadlock's bankruptcy estate," and that such a claim would be "futile" because its assertion is prohibited by the automatic stay provisions of the Bankruptcy Code. Pl.'s Memorandum at 10-11. Gladstone is mistaken.

The automatic stay provides that when a debtor files a bankruptcy petition, all entities are precluded from commencing or continuing any action against the debtor. See 11 U.S.C. § 362. The automatic stay, however, does not apply to a claim, such as the one proposed to be asserted in this matter, for recoupment.

The Government seeks only to recoup the assessed but unpaid liquidated damages from any award of damages that this Court might make to Gladstone following the trial of this matter. As specifically stated by the contracting officer ("CO") in her July 2, 2005 final decision, she was not demanding payment of the assessed but uncollected liquidated damages in the amount of $282,824, but was establishing the Government's entitlement to those funds. The Government, through the counterclaim, seeks merely to recoup the assessed but uncollected liquidated damages from any damages awarded to Gladstone by this

Court.[2]

Recoupment is the setting up of a demand arising from the same transaction as the plaintiff's claim to abate or reduce that claim. See 5 Lawrence P. King, Collier on Bankruptcy ¶ 553.10 (15th ed. 1999) ("[R]ecoupment is in the nature of a right to reduce the amount of a claim."). Stated differently, recoupment is the means used to determine the proper liability on the amounts owed between plaintiff and defendant. See, e.g., Reiter v. Cooper, 507 U.S. 258, 265 n. 2 (1993); Folger Adam Sec., Inc. v. DeMatteis/MacGregor, JV, 209 F.3d 252, 260 (3rd Cir. 2000) ("[A] right of recoupment is a defense and not a claim in the bankruptcy context."); Kosadnar v. Metro. Life Ins., Co. (In re Kosadnar), 157 F.3d 1011, 1013-14 (5th Cir. 1998) ("Recoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on plaintiff's claims."); Malinkowski v. New York (In re Malinkowski), 156 F.3d 131, 133 (2d Cir. 1998); Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1399 (9th Cir. 1996); Ashland Petroleum Co. v. Appel (In re B & L Oil Co.), 782 F.2d 155, 157-58 (10th Cir. 1986); Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984).

The United States has a long recognized a common law right to recoup Federal monies erroneously paid out. See, e.g., United States v. Wurts, 303 U.S. 414, 415 (1938) ("The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid. 'No statute is necessary to authorize the United States to sue in

---

[2] Obviously, if the Court awards no damages, there will be no funds available for recoupment. Similarly, if all of the delay days upon which the liquidated damages are based are determined by the Court to be the responsibility of the Government, there will be no recoupment.

such a case.'") (quoting United States v. Bank of Metropolis, 40 U.S. 377 (1841)); Bechtel v. PBGC, 781 F.2d 906, 907 (D.C. Cir. 1986) ("The government's right to recoup funds owing to it is beyond dispute.").

The automatic stay does not apply to recoupment. In re Kosadnar, 157 F.3d at 1016 ("Post-petition recoupment does not violate the automatic stay."); In re Malinkowski, 156 F.3d at 133 ("Recoupment . . . comes into bankruptcy law through the common law, rather than by statute, and is not subject to . . . the automatic stay."); Consumer Health Servs., 108 F.3d at 395; Newbery Corp., 95 F.3d at 1399-1400; Megafoods Stores, Inc. v. Flagstaff Realty Assocs. (In re Flagstaff Realty Assocs.), 60 F.3d 1031, 1035 (3d Cir. 1995); In re Lord, 284 B.R. 179 (Bankr. D. Mass. 2002); Visiting Nurse Ass'n of Tampa Bay, Inc. v. Sullivan (In re Visiting Nurse Ass'n of Tampa Bay, Inc.), 121 B.R. 114, 119 (Bankr. M.D. Fla. 1990). Contra Burley v. American Gas & Oil Investors (In re Heafitz), 85 B.R. 274, 280 (Bankr. S.D.N.Y. 1988) (holding that party seeking recoupment must first seek relief from stay); Steinberg v. Illinois Dep't of Mental Health & Dev. Disabilities (In re Klingberg Schools), 68 B.R. 173, 178 n.3 (N.D. Ill. 1986) (stating that same reasoning which make all setoffs subject to automatic stay should apply to recoupments), aff'd, 837 F.2d 763 (7th Cir. 1988).

It is clear beyond cavil that defendant's proposed counterclaim is not "futile" since it is not barred by the automatic stay on bankruptcy.

Accordingly, defendant respectfully requests that its motion for leave to file the amended answer for the purpose of asserting a counterclaim for the recoupment of the assessed but uncollected liquidated damages be granted.

Respectfully submitted,

PETER D. KIESLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street NW
Washington, D.C. 20530

October 11, 2005

Attorneys for Defendant