# In the United States Court of Federal Claims

**No. 04-1145C**
**(Filed: December 19, 2005)**

* * * * * * * * * * * * * * * * * *

**LESLIE T. GLADSTONE, as TRUSTEE of THE WILLIAM G. TADLOCK, INC. BANKRUPTCY ESTATE,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

* * * * * * * * * * * * * * * * * *

## ORDER

The court is in receipt of the defendant's opposed Motion for Leave to File an Amended Answer to Complaint, filed September 17, 2005.[1] The defendant seeks to amend its answer to include a counterclaim pertaining to assessed but uncollected liquidated damages in the amount of $282,824 due to delays in the contract. For the reasons set forth below, the court **GRANTS** the defendant's motion.

The defendant seeks leave to file an amended answer to include a counterclaim under Rule 15(a) of the Rules of the Court of Federal Claims ("RCFC").[2] RCFC 15(a)

---

[1]The complaint was filed in this case on July 17, 2004. The answer was filed on November 12, 2004.

[2]The plaintiff asserts that the defendant's motion should have been filed pursuant to RCFC 13, rather than RCFC 15. RCFC 13(f) provides: "Omitted Counterclaim. When the defendant fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, it may by leave of the court set up the counterclaim by amendment." The

provides, in relevant part: "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

At issue here are (1) whether permitting the defendant to amend its answer would cause undue prejudice to the plaintiff, and (2) whether the counterclaim would be futile. The court will examine each of these issues in turn.

Regarding the first issue, the plaintiff opposes the defendant's motion on the grounds that the government has failed to explain its delay in asserting the proposed counterclaim. In reply, the defendant first argues that there was no undue delay. The defendant states that a settlement meeting was held on May 25 and 26, 2005, for which the defendant retained an expert to determine the cause of the delays to the contract. The defendant asserts that the three and a half month period between the settlement conference and the filing of the defendant's motion was not undue. The defendant also asserts that the addition of the counterclaim will not affect the discovery schedule or date of a trial. Furthermore, the defendant argues that the plaintiff will not suffer prejudice from the amended answer because the plaintiff has known of the subject of the counterclaim during and subsequent to the performance of the contract.

The court agrees with the defendant that there was no undue delay in the defendant's filing of a motion to amend its answer, nor will the plaintiff suffer undue prejudice if the defendant amends its answer. Where, as here, the discovery process is ongoing, a trial date has not yet been set, the plaintiff has been aware of the subject matter of the counterclaim, and the counterclaim does not add additional issues or parties, the plaintiff would not suffer prejudice. See St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 154 (1994) (holding that there was no undue prejudice where amended answer would result in a "minuscule" additional discovery and where the plaintiff had already been put on notice as to the defendant's potential claims). The plaintiff's reliance on Preferred Meal Systems v. Save More Foods, 129 F.R.D. 11 (D.C.D.C. 1990), is misplaced because, unlike here, in that case there was an unexplained delay of twenty-

---

court agrees with the plaintiff that RCFC 13 is appropriate here. However, under precedent related to RCFC 15 and its analogous Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc."), it appears that RCFC 15 is also appropriate for amending the defendant's answer to add a counterclaim. St. Paul Fire & Marine Ins. Co. v. United States, 31 Fed. Cl. 151 (1994) (granting defendant's motion for leave to file an amended answer, counterclaim and special plea in fraud under RCFC 15); Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517 (3d Cir. 2004) (holding that district court did not abuse its discretion when it granted leave to defendant to amend its pleading to add a counterclaim under Fed. R. Civ. Proc. 15).

nine months between the filing of the complaint and the defendant's motion, and had the court granted the motion, it would have resulted in additional discovery and a change in the trial date. Id. at 13.

Regarding the second issue, the plaintiff argues that allowing the government to file the omitted counterclaim would be futile because a counterclaim against the bankruptcy estate is precluded by the automatic stay provision under 11 U.S.C. § 362 (2000). In reply, the defendant argues that the automatic stay provision of the Bankruptcy Code does not apply to a recoupment, which is a demand arising from the same transaction as a plaintiff's claim to abate or reduce that claim. The defendant asserts that it only seeks to recoup the assessed but unpaid liquidated damages from any award of damages that this court might make to the plaintiff following the trial of this matter, and that its counterclaim arises from the same transaction as the plaintiff's claim.

Whether the government's counterclaim for liquidated damages may be heard in light of the automatic stay provision under 11 U.S.C. § 362 involves a more difficult question. The courts are split on this issue; however, the majority view is that recoupment is not barred by the automatic stay. 5 Collier on Bankruptcy ¶ 553.10 (15th ed. rev. 2005) (stating that although courts are split on this issue, the "better view is that the automatic stay does not apply to bar or restrain a legitimate right of recoupment because, properly construed, recoupment applies to define the obligation in question, rather than establish or enforce a separate debt."). The Supreme Court has also recognized a bankruptcy defendant's right to "meet a plaintiff-debtor's claim with a counterclaim arising out of the same transaction, at least to the extent that the defendant merely seeks recoupment." Reiter v. Cooper, 507 U.S. 258, 265 n.2 (1993). In a contract situation, such as here, the recoupment doctrine has been applied "primarily where the creditor's claim against the debtor and the debtor's claim against the creditor arise out of the same contract." Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984).

Given the state of the law regarding recoupment and the automatic stay provision, the court is not prepared to hold that the counterclaim is futile. Thus, the court **GRANTS** the defendant's motion for leave to file its answer to include a counterclaim. If the plaintiff does not agree that the counterclaim is for recoupment, the plaintiff may seek to dismiss the counterclaim.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

cc: ADR Judge Bruggink